IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:

**ALFRED ANTONIO WILSON,**                                    CHAPTER 13

          **DEBTOR.**                                           CASE NO. 24-33304-KLP

**NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY IXIS REAL ESTATE CAPITAL TRUST 2006-2 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-2,**

          **MOVANT,**

vs.

**ALFRED ANTONIO WILSON**
**FEDA WILSON, CODEBTOR**
**and SUZANNE E. WADE, TRUSTEE,**

          **RESPONDENTS.**

<u>**ORDER GRANTING MODIFICATION OF STAY**</u>

The Motion of the Movant, NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Ixis Real Estate Capital Trust 2006-2 Mortgage Pass Through Certificates, Series 2006-2, to amend the Automatic Stay having been properly served, no response having been filed by the Codebtor and upon agreement of the Debtor and Movant,

It appears that Debtor and/or the Codebtor is/are in possession of a certain real property located at **225 Taylor Ridge Way, Palmyra, VA 22963-4931**, and more particularly described as follows:

> **ALL that certain lot or parcel of land, with all improvements thereon and appurtenances thereto, lying and being situate in the Palmyra District of Fluvanna County, Virginia, shown as Lot 4, Phase I, Taylor Ridge Estates, on a plat of survey by Rivanna Engineering & Surveying, PLC, dated May 24, 2005, recorded in the Clerk's Office of the Circuit Court of Fluvanna County, Virginia, in Deed Book 639, page 98.**
>
> **BEING the same property conveyed unto Alfred Wilson and Feda Wilson by Deed from Eleanore F. Walker, Joseph T. Hartman and Terrell R. Johnson, Trustees under Declaration**

**D. Carol Sasser, Esquire**
**Counsel for Movant**
**Samuel I. White, P.C.**
**Bar No. 28422**
**448 Viking Drive**
**Suite 350**
**Virginia Beach, VA 23452**
**(757) 490-9284**
**File No. 93019**

**of Trust dated May 1, 2003, dated May 31, 2006 and recorded immediately prior hereto.**

Upon consideration of the foregoing, it is **ORDERED**:

1. Debtor shall resume making all future regular monthly installment payments in the amount of $1,581.95, subject to notices of payment change, as they become due commencing August 1, 2025.

2. The Debtor shall file a Modified Chapter 13 Plan within 21 days from the entry of this Order providing for cure of the post-petition arrearage currently due to the Movant by making payment through the Office of the Chapter 13 Trustee. Upon entry of this Order, Claim Number 9 of Movant shall be deemed amended to include the post-petition arrears in the amount of $11,768.50. The Trustee is authorized to disburse the additional post-petition arrears to the Movant, and the Movant may, at its option, file an amended or supplemental Proof of Claim to include the post-petition arrearage set forth herein. The arrearage is calculated as follows:

| Number of Payments | From | To | Monthly Payment Amount | Total Payments |
|---|---|---|---|---|
| 7 | 01/01/2025 | 07/01/2025 | $1,581.95 | $11,073.65 |
| Motion for Relief – Legal Fees & Cost ||||  $749.00 |
| Less post-petition partial payments (suspense balance): |||| ($54.15) |

Total:   $11,768.50

    a. The arrearage amount set forth herein is contingent upon the sufficient clearing of any previously applied post-petition funds.

    b. All future payments made pursuant to the terms of this Order should be forwarded to the following address until further notice:

> NewRez LLC d/b/a Shellpoint Mortgage Servicing
> PO Box 650840
> Dallas, TX 75265-0840

3. In the event that any payment required by this Order is not received by the Movant within fifteen (15) days after it is due the Movant may mail a Notice of Default to the Debtor by first class mail, postage prepaid (and, if it desires, also by certified or registered mail) with a copy to the Court and the Chapter 13 Trustee by first class mail, postage prepaid or by email at the same time as the Notice of Default is mailed to the Debtor. The Notice of Default will state in simple and plain language:

    a. That the Debtor is in default in making at least one payment required under this Order;

      b.     The date(s) and amount(s) of each payment missed and any late charge or other fee necessary to cure the default;

      c.     The action necessary to cure the default, including any address to which payments must be mailed;

      d.     That the Debtor or Trustee must take one of the following actions within fourteen (14) days after the date of the mailing of the Notice of Default:

          i.     Cure the default;
          ii.     File an objection with the Court stating that no default exists; or
          iii.     File an objection with the Court stating any other reason why an Order granting relief from the Automatic Stay should not be entered;

      e.     That if the Trustee or Debtor do not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that it has complied with the terms of this Order and that the Court may grant relief from the Automatic Stay without further notice to the Debtor; and

      f.     That if the Automatic Stay is terminated, the collateral may be sold at foreclosure.

If the Trustee or Debtor do not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this Order and that neither the Trustee nor Debtor have taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft Order terminating the Automatic Stay.

If the Trustee or Debtor files an objection to the Notice of Default, the Movant must set the matter for hearing and give notice of the hearing to the Debtor, Counsel for Debtor and the Trustee. At the hearing, the Court may terminate the stay or take other action appropriate to the circumstances.

      4.     The provisions of this Order with respect to regular monthly installment payments expire one year after the date of entry of this Order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of entry of this Order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

      5.     Until the automatic stay is terminated, Movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in the incorrect amount. Should Movant, at its option, accept a non-timely payment, it shall be without prejudice and shall not constitute a waiver of any default or of any of its rights pursuant to any other provisions contained within this Order.

      6.     The automatic stay is modified to permit the Noteholder or servicing agent to send the Debtor any payment coupons, payment statements

    or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business, but otherwise such stay shall remain in full force and effect until further order of the court.

7. Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this Court, Movant shall be entitled to reasonable attorney's fees in the amount of $100.00 for the issuance of a Notice of Default, and additional attorney's fees, not to exceed $100.00, for issuance of a Certificate of Default and preparation of an Order Terminating the Automatic Stay.

8. In the event of a default which results in the granting of relief, the Chapter 13 Trustee will be relieved of any and all obligation to remit payment incident to the arrearages set forth in the Proof of Claim filed by the Movant.

9. Relief is granted as to Feda Wilson, the Codebtor, from the automatic stay imposed by §1301(a) to the same extent and on the same terms and conditions as granted as to the Debtor.

DATED: Aug 5 2025

/s/ Keith L Phillips

UNITED STATES BANKRUPTCY JUDGE

**NOTICE OF JUDGMENT OR ORDER**
**Entered on Docket**
August 6, 2025

I ask for this:
By: /s/ D. Carol Sasser
D. Carol Sasser, Esquire, Bar No. 28422
Kim R. Gershen, Esquire, Bar No. 41467
Daniel J. Pesachowitz, Esquire, Bar No. 74295
Samuel I. White, P.C.
448 Viking Drive
Suite 350
Virginia Beach, VA 23452
Tel.: (757) 490-9284
Fax: (757) 497-2802
dsasser@siwpc.com
Counsel for NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for Deutsche Bank National Trust Company, as Trustee for

Morgan Stanley Ixis Real Estate
Capital Trust 2006-2 Mortgage Pass
Through Certificates, Series 2006-2

Seen and Agreed:

/s/ Alfred Antonio Wilson
Alfred Antonio Wilson
Pro Se Debtor
225 Taylor Ridge Way
Palmyra, VA 22963

Seen:

/s/ Suzanne E. Wade (electronic signature affixed pursuant to email authorization)
Suzanne E. Wade
Chapter 13 Trustee
7202 Glen Forest Drive, Suite 202
Richmond, VA 23226
24-33304-KLP


      I hereby certify that this proposed Order is substantially in compliance with Standing Order Number 10-2, with the Court's informal instructions and that it has been endorsed by all necessary parties involved in this proceeding.

                                        By: /s/ D. Carol Sasser
                                           D. Carol Sasser, Esquire
                                           Samuel I. White, P.C.

The Clerk shall mail a copy of the entered Order to the following:

Suzanne E. Wade
Chapter 13 Trustee
7202 Glen Forest Drive, Suite 202
Richmond, VA 23226

Alfred Antonio Wilson
Pro Se Debtor
225 Taylor Ridge Way
Palmyra, VA 22963

Feda Wilson
Codebtor
225 Taylor Ridge Way
Palmyra, VA 22963